IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00984-REB-PAC

RUBEN PINA,

    Applicant,

v.

RON WILEY, Warden,

    Respondent.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Patricia A. Coan, United States Magistrate Judge

This is a habeas corpus proceeding filed *pro se* by federal prisoner Ruben Pina under 28 U.S.C. §2241.  A February 10, 2006 Order of Reference referred the Application to me for a recommendation on disposition.[1]  Respondent filed an Answer to the court's Order to Show Cause on April 10, 2006.  Applicant filed his Traverse on April 26, 2006.  Also pending is applicant's Motion for Order, filed September 13, 2006 [doc. # 34].

I.

Applicant [hereafter petitioner] is incarcerated at the United States Penitentiary[2] ("USP") in Florence, Colorado, serving two consecutive sentences for two bank

---

[1] On September 6, 2005, Judge Blackburn referred this matter to Magistrate Judge O. Edward Schlatter.  The application was reassigned to me on February 10, 2006.

[2] When Applicant filed his petition he was incarcerated in the USP-Administrative Max (ADX). On September 18, 2006, Applicant notified the court he had been transferred to the USP, Hector Rios is warden of that facility.

robberies. Petitioner's projected release date (via two-thirds release) is September 13, 2007. According to Incident Report (IR) number 853548, attached to petitioner's Memorandum in Support of Application [doc. # 10, filed June 22, 2005], Pina was involved in a conspiracy with other inmates - Dmitriy Latergaus, Enrique Garza, and James Wallace, their family and friends, to introduce narcotics via the visiting room into the Lewisburg, Pennsylvania, U.S. Penitentiary. Petitioner was charged with attempted introduction of narcotics; use of the telephone to further criminal activity; and receiving money from any person for any illegal contraband.

At the related disciplinary hearing, the disciplinary hearing officer (DHO) considered documentary evidence including a number of telephone monitoring reports, as well as information from confidential informants. One of the telephone reports included a statement from inmate Wallace's girlfriend, Michelle Houle, that she was to deliver a substance identified as "tattoo ink" to Wallace. Houle determined that the substance would in reality be black tar heroin, which she was to receive by mail from Mr. Pina's brother. She stated that she had received a number of phone calls from Pina's brother, presumably to confirm her address prior to shipment. See DHO decision, exhibit D [hereafter DHO decision] to petitioner's Memorandum, at 20-22.

The DHO decision petitioner challenges, from IR #853548, imposed the following sanctions: forfeiture of 1620 days of petitioner's good time credits; disciplinary segregation for sixty days; disciplinary transfer (from USP Lewisburg to ADX Florence) and loss of commissary, telephone, and visiting privileges for five years. Exhibit D to

Petitioner's Memorandum in Support of Application, DHO decision at 26.[3]

II.

In his application and attached thirty-six page memorandum in support,[4] petitioner raises a total of six claims, seeking to have the April 5, 2001 decision of the Disciplinary Hearing Officer (DHO) at the Lewisburg, Pennsylvania USP set aside, and to have an evidentiary hearing conducted by the court. Application at 5. Petitioner challenges the DHO decision on the following grounds: (1) denial of due process and the Fifth Amendment for failure to follow Bureau of Prisons (BOP) policies during the disciplinary hearing (App. at 3); (2) denial of equal protection[5] and due process caused by the fundamental unfairness of the disciplinary hearing (App. at 3); (3) denial of due process in violation of the Fifth and Sixth Amendments as a result of a conspiracy to deny petitioner's right to collect and marshall evidence in his defense during the disciplinary hearing (App. at 4); (4) denial of due process by not being able to present exculpatory evidence (Memorandum in Support of App. at 22)[6]; (5) violation of the

---

[3]Petitioner has eleven previous disciplinary convictions for possession of or introduction of drugs into a federal penitentiary. See Response to Application at 3-5, and exhibit B to Response.

[4]Attached to petitioner's Memorandum are eighteen separate documents, including declarations by petitioner and two other inmates charged with offenses related to those with which petitioner was charged, the DHO report (26 pages long), and the appeal of the DHO's decision.

[5]In his response to the Petition, respondent argues that there can be no cognizable equal protection claim raised by petitioner because he has not alleged he was treated differently from similarly situated inmates. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Respondent also points to the fact that two other inmates involved in the conspiracy also received incident reports. See Response at 31. Petitioner states in his traverse that all his claims are for denial of due process, accordingly, I consider any equal protection claim he might have previously asserted to now be abandoned. See petitioner's Traverse at 22.

[6]Claims four through six are not set forth in the Application, but it is clear that petitioner intended the Memorandum to constitute a continuation of the Application, and the memorandum was filed contemporaneously with the Application.

Eighth Amendment for labeling an unspecified inmate a snitch (Memorandum in Support at 28); and (6) denial of due process for failure to correct the flawed calculation of loss of good time credits (Memorandum in Support at 31).

III.

To meet the standards of due process in a prison disciplinary proceeding, an inmate must receive the protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974), which include: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).  In addition, due process requires "some evidence to support the hearing panel's decision . . . and the decisionmaker must be impartial."  *Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004)(citing *Wolff*, 418 U.S. at 592)(Marshall, J., concurring).

A. Failure to Follow BOP Policies

In his first claim, Pina complains in vague terms that the disciplinary hearing violated Bureau of Prisons (BOP) regulations.  He does not point to any specific regulation which was allegedly violated.  Petitioner offers no factual detail in his memorandum or exhibits, and relies instead on conclusory allegations.[7]  Prison

---

[7] Petitioner refers only to "near-total non-compliance with all BOP controlling policy and policy statements and near-total non-compliance with BOP controlling codes of federal regulations pertinent to prison disciplinary investigations and prison disciplinary hearings." Petitioner's Memorandum at 5.

regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Where a liberty or property interest has been infringed, the process which is due under the United States Constitution is that measured by the due process clause, not prison regulations. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 539-41 (1985) ("[O]nce it is determined that the Due Process Clause applies, the question remains what process is due.); *Hulen v. Yates*, 322 F.3d 1229, 1247 (10th Cir.2003) ("[O]nce the property right is established, it is purely a matter of federal constitutional law whether the procedure afforded was adequate."). To the extent that petitioner challenges the investigation of the charges against him on the ground of violation of BOP policy, an adequate prehearing investigation is not among the minimum due process protections identified by *Wolff* and *Hill*. *See Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir.1995) (per curiam) ("[Plaintiff] has no federal due process right to a prehearing investigation."); *Brown v. Frey*, 889 F.2d 159, 170-71 (8th Cir.1989) (holding that prisoner had not shown any clearly established constitutional right to an adequate investigation). Because this claim lacks legal or factual basis, the petitioner's challenge to the conduct of the disciplinary proceeding and the DHO's decision on the ground of failure to follow BOP regulations is properly dismissed.

B. Due Process Challenge - Fundamental Unfairness

In his second claim, petitioner challenges the DHO's ruling on broad due process grounds. I assume for purposes of this recommendation that Mr. Pina has a

liberty interest in his accrued good conduct time and earned/extra credit time. See *Wolff*, 418 U.S. at 557.  Consequently, he cannot be deprived of those credits without due process.  *Id.*  But "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556.   In addition to the three procedural protections established in *Wolff* and set forth above, there must also be "some evidence in the record" to support the charge.  *Id.*  "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.  The decision can be upheld even if the evidence supporting the decision is "meager." *Id.* at 457.  Petitioner has attacked the twenty-six page DHO decision and the court has reviewed that decision.  The decision relies on documentary evidence from a number of sources.  I conclude that there is sufficient evidence that supports the decision made by the DHO, and that as a result, petitioner received all the process to which he was due.

   C. Failure of DHO to Allow Petitioner to Defend Himself

   In his third claim, Mr. Pina argues that he was denied the opportunities to cross-examine adverse witnesses, and to call witnesses in his own defense.  The Constitution does not require the opportunity for confrontation and cross-examination in disciplinary proceedings.  *Wolff*, 418 U.S. at 568. Rather, whether cross-examination will be allowed is a matter of discretion for prison officials. *Id.* at 569.  *Wolff* holds that

"the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566.   One of the rights to which a prisoner is entitled is the opportunity to call witnesses and present evidence in his defense, as long as "permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006), quoting *Wolff*, 418 at 564-66.[8] Prison officials are required to consider whether to grant a request to call or confront a particular witness on an individualized basis. *Ramer v. Kerby*, 936 F.2d 1102, 1105 (10th Cir.1991). As documented in the DHO decision, petitioner was permitted to call a single witness at the disciplinary hearing, Mr. Caudle. DHO decision at 25. Petitioner has not offered any facts to support his conclusory allegations that he was somehow denied due process due to fundamental unfairness, or because he was not allowed to call his requested witnesses. *See Smith*, 899 F.2d at 947. In his decision, the DHO indicated that the staff representative petitioner requested either declined or was not available, and the DHO appointed Mr. True as staff representative. DHO decision at 1.

Petitioner's re-argument of his innocence and the nature of his relationship with inmates Wallace and Latergaus in this habeas proceeding is unavailing. See petitioner's Memorandum at 8-10. The DHO decision documents that petitioner offered no documents for the DHO to consider, but that he argued that the incident report was

---

[8] While an inmate generally has the right to call witnesses and present evidence, such right is not absolute; the prison can restrict witness testimony and documentary evidence due to special requirements of the prison setting. See *id.* at 566-67, *Ramer v. Kerby*, 936 F.2d 1102, 1104 (10th Cir.1991); *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir.1990).

7

false. DHO decision at 1. The DHO asked the petitioner to respond to the numerous taped telephone conversations, which he did. The DHO found none of the petitioner's testimony credible, however. DHO decision at 25. Petitioner's lengthy memorandum in support of his Application is nearly devoid of references to specific facts. Most of the text is argumentative and conclusory, and consequently offers no support for the claims in his petition. Petitioner has failed to offer any factual support for his claim that he was not allowed to defend himself at the hearing. The fact that the DHO rejected petitioner's testimony as "inconsistent and obviously untruthful" does not support his claim. DHO decision at 25. I conclude this claim should be dismissed.

    D. Conduct of the Disciplinary Hearing

In his fourth claim, petitioner challenges the disciplinary hearing on the grounds that he was unable to present evidence in his defense and that he was prevented from doing so by the DHO or other (unnamed) prison personnel due to unspecified bias. An impartial decisionmaker is a fundamental requirement of due process that is "fully applicable" in the prison context. *Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th Cir.), *cert. denied* 543 U.S. 860 (2005) citing *Wolff*, 418 U.S. at 592. However, because honesty and integrity are presumed on the part of a tribunal, there must be some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated. *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 518 (10th Cir. 1998). Petitioner does not offer facts to support any assertion of actual bias. He relies only on his conclusory allegations, which are insufficient. Due process is violated only when the risk of unfairness is intolerably high under the

circumstances of a particular case.  *Gwinn*, 354 F3d at 1220 (quotations omitted).

Mr. Pina has failed to supply any facts or assertions to support his bias claims. The fact that petitioner has remained steadfast in his assertion of innocence does not imply that the DHO was biased against him.  The DHO's reliance on statements from Michelle Houle regarding the planned introduction of heroin into the prison does not support any allegation of impropriety.   See petitioner's Traverse at 28-32; DHO decision at 9-11.

Finally, regarding petitioner's assertions relating to alleged inconsistencies in the DHO's decision (see Traverse at 33), comments by the DHO at the hearing regarding petitioner's financial position (Traverse at 33), the investigation underlying the incident report by Lt. Bunch (petitioner's Memorandum at 15, Traverse at 14-15), and the untimeliness of the disciplinary hearing, I conclude that none of these supports a claim for denial of due process.  "[D]ue process is satisfied as long as no member of the disciplinary board has been involved in the investigation or prosecution of the particular case, or has had any other form of personal involvement in the case."  *Wolff*, 418 U.S. at 592, (Marshall, J., concurring).   Because petitioner has not asserted facts to support his various claims of bias (on the part of the DHO or others, including investigators), his claim that their bias violated his due process rights is properly dismissed.

E. Eighth Amendment Claim

Petitioner's fifth claim is styled as "intentional and malicious placing of a U.S. prisoner's life in danger in violation of the United States Constitution, Amendment

Eight." Petitioner's Memorandum at 28.  This claim does not contain any allegation that Mr. Pina was labeled a "snitch" by prison officials in the presence of other inmates. The claim merely states that, during the course of the interrogation of the inmates involved (Pina, Garza and Latergaus), investigators informed Pina that the other inmates informed against him, and that Pina thinks Garza and Latergaus were in turn told that Pina had informed on them.

The Supreme Court has held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners" and that the deliberate indifference of a prison official "to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825 at 828, 833 (1994) (citation omitted).  To establish a cognizable Eighth Amendment claim for failure to protect, the plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component."  *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003), quoting  *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001).  Petitioner has asserted no facts to support a claim that he is being incarcerated under conditions which pose a substantial risk of serious harm as a result of being labeled a snitch.  Petitioner's allegations that he was told other inmates informed on him or that he informed on other inmates during the course of the investigation of the disciplinary charges on which he was convicted do not amount to a substantial risk of serious harm.  Petitioner fails to establish the objective component of his Eighth Amendment claim, and this claim is properly dismissed.

F. Calculation of Good Time Credits

In his sixth claim, petitioner argues that the DHO incorrectly calculated the available good time credits for the basis of the imposed sanction of loss of good time credits. Petitioner's Traverse at 36. Petitioner urges a calculation which de-aggregates his two consecutive sentences, and he consequently argues that "about 505 days" was the maximum amount of good time credit that was subject to the DHO's sanction. This method of calculation is at odds with the applicable calculation made by the DHO, consistent with 28 C.F.R. § 541.13 (inmate discipline) and the DHO appropriately imposed the maximum amount.[9] Petitioner's attempt to de-aggregate his sentence so that only about one-third of the original number of days were lost is unsupportable, and this claim also must fail.

IV.

For the reasons stated, it is hereby

**RECOMMENDED** that petitioner's Application for Habeas Corpus Relief be **DISMISSED WITH PREJUDICE**; it is

**FURTHER RECOMMENDED** that the petitioner's Motion for Order, filed September 13, 2006 [doc. # 34] be **denied as moot**.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States**

---

[9] Respondent clarifies that the maximum available number of days at the time of the hearing was 1591, and not 1620. Response at 18-20, 34.

**District Court for the District of Colorado. The district court judge shall make a determination of those portions of the proposed findings or specified recommendation to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated this 16th day of November, 2006.

BY THE COURT:

  s/ Gudrun J. Rice *for*
PATRICIA A. COAN
United States Magistrate Judge